# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERNEST BUSTOS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Civil Action No. SA-17-CV-39-XR |
| GREGG A. DENNIS, D/B/A IIS BENEFIT ADMINISTRATORS, INVESTMENT INSURANCE, INC., d/b/a IIS BENEFIT ADMINISTRATORS, SOUTHERN NEVADA BENEFIT ADMINISTRATORS LLC, | § § § § § § § | |
| *Defendants*. | § § | |

## ORDER

On this date, the Court considered Defendant Gregg Dennis' Motion to Transfer Venue (Docket no. 5) and Plaintiff Ernest Bustos' Opposition (Docket no. 10). After careful consideration, the Court GRANTS the Motion to Transfer (Docket no. 5) and TRANSFERS the case to the United States District Court for the District of Nevada.

## BACKGROUND

Plaintiff Ernest Bustos, a citizen of Texas, filed his original petition in this breach of contract action in state court on January 14, 2016, and Defendant Dennis removed the case to federal court on January 20, 2017.[1] Docket nos. 1, 1-2. Plaintiff has since filed an amended complaint, in which he alleges that all defendants are citizens of Nevada. Docket no. 9.

In his live complaint, Plaintiff alleges that he entered into an insurance distribution contract with Defendants in 2015. Docket no. 9 at 5. Plaintiff alleges that he "was to act as an

---

[1] Dennis was not served with process until December 27, 2016, and Plaintiff has not challenged the propriety of removal. Docket no. 1-3.

1

independent contractor for marketing and selling" Defendants' "Tri-Funding" insurance products. *Id.* at 4-5. Based on Plaintiff's allegations, the contract describes a hierarchical sales model and multi-level marketing distribution scheme, which would allow Plaintiff to enlist others to sell the insurance products. *Id*. According to Plaintiff, the contract stipulated that he would receive training and on-going support throughout the contract term. *Id*. at 7-8. Plaintiff alleges that rather than helping him develop his "distribution system of agents," Defendants ignored him and instead engaged in dealings with an unlicensed third-party that recruited others who might have otherwise joined Plaintiff's distribution system. *Id*. at 8.

After removing to this Court, Defendant Dennis filed a motion to transfer venue under 28 U.S.C. § 1404(a) on January 27, 2017. Docket no. 5. Dennis bases the motion on a forum-selection clause in the contract which states: "[a]ny litigation proceeding will be governed by and in the State of Nevada." Docket no. 5 at 2. Plaintiff filed his opposition to transfer on February 13, and Defendants replied on February 24. Docket nos. 10, 13. The Court now turns to the motion to transfer.

## DISCUSSION

### I. Standard of Review

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion in deciding whether to order a transfer so long as it is within the limitations of the text of the statute and the precedents of the Supreme Court and the Fifth Circuit Court of Appeals. *In re Volkswagen of Am. (Volkswagen II)*, 545 F.3d 304, 311 (5th Cir. 2008).

Where a contract contains a valid forum-selection clause, the court should ordinarily transfer the case to the specified forum. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas,* 134 S. Ct. 568, 581 (2013). "A proper application of § 1404(a) requires

that a forum-selection clause be given controlling weight in all but the most exceptional cases" because a forum-selection clause represents "the parties' agreement as to the most proper forum." *Id.* at 579. Interpreting a forum-selection clause requires an inquiry into the terms of a contract, and "[c]ontract interpretation is a question of law." *Alliance Health Group, LLC v. Bridging Health Options*, *LLC*, 553 F.3d 397, 399 (5th Cir. 2008). In diversity and federal question cases, federal law applies in determining whether a forum-selection clause is enforceable. *Atlantic Marine*, 134 S. Ct. at 581.

A forum-selection clause must be valid in order to be controlling. *Id.* at 581 n.5 ("Our analysis presupposes a contractually valid forum-selection clause."). Forum-selection clauses are presumptively valid and enforceable. *Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997). This presumption can be overcome upon a showing that the clause is "unreasonable under the circumstances," which depends on a several factors:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* at 963 (internal quotations and citations omitted). The party challenging the clause as unreasonable bears a "heavy burden of proof." *Id.* Though not encompassed in the enforceability requirements of *Haynsworth*, the Fifth Circuit also requires a forum-selection clause to be mandatory, not permissive. *Waste Mgmt. of La., L.L.C. v. Jefferson Par. ex rel. Jefferson Par. Council*, 594 F. App'x. 820, 822 (5th Cir. 2014).

**II. Validity of the Forum-Selection Clause**

The parties do not couch their arguments in terms of the *Haynsworth* factors listed above. Instead, they dispute whether the clause is mandatory or permissive. Plaintiff argues that the forum-selection clause is permissive, and therefore invalid, because it lacks exclusive language.

Docket no. 10 at 5–7. Plaintiff also argues that the clause is permissive because it is ambiguous as to which Nevada courts—federal or state—are proper forums. *Id.* at 7. Plaintiff does not argue that the clause was unreasonable, unenforceable, or invalid in any other ways. For the following reasons, the Court disagrees with Plaintiff's arguments, and finds that the clause is valid.

To be mandatory, a forum-selection clause must contain "exclusive language"; the language must show that the parties intended the named location to serve as the forum for disputes arising out of the contract. *See Caldas & Sons v. Willinghan*, 17 F.3d 123, 128 (5th Cir. 1994). In *Caldas & Sons*, the court found the following one-sentence forum-selection clause to be permissive because it lacked exclusive language: "[t]he laws and courts of Zurich are applicable." *Id.* at 127. ("[T]he forum selection clause at issue at most permitted claims arising out of the contract to be tried in the Zurich courts."). In *M/S Breman v. Zapata Off-Shore Co.*, by contrast, the Supreme Court found the forum-selection clause mandatory where it specified that "[a]ny dispute arising must be treated before the London Court of Justice." 407 U.S. 1, 2 (1972). The forum-selection clause here ("[a]ny litigation proceeding will be governed by and in the State of Nevada"), like the clause in *M/S Breman*, satisfies the exclusive language requirement because of the word "any"—"any litigation" means all litigation. *Id.* at 20 ("[T]he language of the clause is clearly mandatory and all-encompassing.").

Turning next to the potential ambiguity of the clause, Plaintiff argues that the clause is permissive because it does not specify which courts may preside over controversies arising from the contract. This argument fails for two reasons: (1) the clause is clear regarding the parties and claims to which it applies, which is all that is required of the clause in this case; and (2) the phrase "by and in the State of Nevada" specifies both forum and choice of law.

First, the clause is clear about which parties and claims it covers—the word "any" indicates that all parties and all claims are included in the forum-selection clause. Docket no. 5 at 1-2. Plaintiff does not disagree that the clause applies to all parties and all claims at issue in this

suit. Docket no. 10. Thus, the clause is "unambiguous" for purposes of the transfer of venue analysis. Next, the clause clearly refers to any court—state or federal—within the State of Nevada. *Alliance Health Group*, 553 F.3d at 400 ("[T]he clause's language allows removal to a federal district court whose jurisdiction encompasses, as well as those courts actually regularly sitting in [the named location]"); *see also Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205-06 (9th Cir. 2011) (forum-selection clause that specifies "courts in" a state includes both state and federal courts). The clause states that any litigation "will be governed by and in the State of Nevada," which includes any court located within the state, such as the lone U.S. District Court and not just the state courts. *Compare Alliance Health Group,* 553 F.3d at 400. ("Accordingly, the clause at hand, providing for venue in a specific county permits venue in either federal or state court because a federal courthouse is located [there].") *with Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 397 (5th Cir. 2003) (affirming the district court's ruling that that the forum-selection clause excluded federal courts where the clause stated that the "Courts of Texas" would have jurisdiction because federal courts are *in* Texas but are not *of* Texas).

For these reasons, the Court finds that the clause is valid. The Court will now analyze whether the § 1404(a) factors weigh against transfer, despite the "controlling weight" of the forum-selection clause. *Atlantic Marine*, 134 S. Ct. at 579.

### III. The *Atlantic Marine* Analysis

When a party moves to transfer based on a valid forum-selection clause, the typical § 1404(a) analysis changes. *Atlantic Marine*, 134 S. Ct. at 583. Typically, a court would consider the plaintiff's choice of venue, private interest factors, and "various public interest considerations." *Id.* at 582. Private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *In re*

5

*Volkswagen of Am. I*, 371 F.3d 201 (5th Cir. 2004)). Public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* A valid forum-selection clause, however, changes the usual § 1404(a) analysis in three ways:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargain is unwarranted . . . Second, a court evaluating a defendant's 1404(a) motion . . . should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause they waive the right to challenge the preselected forum as inconvenient [although public-interest factors may be considered] . . . Third . . . a 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules.

*Id.* at 581-82. Because the forum-selection clause is valid, the adjusted analysis is appropriate.

Under the adjusted analysis, the § 1404(a) factors weigh in favor of transfer. First, Plaintiff agreed to the forum-selection clause in the contract; thus, Plaintiff has waived "the right to challenge the preselected forum as inconvenient." *Atlanta Marine*, 134 S. Ct. at 582. Similarly, the Court will not consider private interest factors such as the inconvenience to Plaintiff's central witnesses because "when [Plaintiff] entered into a contract to litigate all disputes in [the selected forum], [he] knew that a distant forum might hinder [his] ability to call certain witnesses and might impose other burdens on [his] litigation efforts." *Id.* at 584.

Last, public interest factors do not support denial of the motion to transfer. If anything, the court congestion factor weighs in favor of transfer; Defendants point out that the number of cases filed in the U.S. District Court in Nevada is a little over one-third of the number of cases filed in the Western District of Texas. Docket no. 5 at 5. The local interest factor similarly does not weigh against transfer as Plaintiff pleads no facts indicating that this case is of particular local interest in Texas. Docket no. 10. Plaintiff alleges that the contract was a product of

"meetings . . . [that took] place in Texas," but does not otherwise allege that Texas has a strong interest in hearing the case.[2] Docket no. 10 at 2. The last two factors both deal with the transferee court's difficulty in applying unfamiliar laws; however, this is not a concern here because the forum-selection clause dictates that the transferee court apply Nevada choice-of-law rules. *Id.* Because the forum-selection clause is valid and no § 1404(a) factor weighs against transfer, the Court transfers this case to the U.S. District Court for the District of Nevada.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Transfer (Docket no. 5) and orders the case TRANSFERRED to the United States District Court for the District of Nevada.

It is so ORDERED.

SIGNED this 17th day of March, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] This is in stark contrast with *In re Volkswagen II,* in which the court found that this factor weighed in favor of transfer to Dallas where "the accident occurred on a freeway in Dallas, Texas; Dallas residents witnessed the accident; Dallas police and paramedics responded and took action; a Dallas doctor performed the autopsy; the third-party defendant lives in Dallas county, Texas; none of the plaintiffs live in the Marshall Division; no known party or non-party witness lives in the Marshall Division; no known source of proof is located in the Marshall Division; and none of the fact giving rise to this suit occurred in the Marshall Division." 545 F.3d at 317-18. Here, Plaintiff does not allege that a similarly strong local interest exists. Plaintiff alleges only that he sold insurance in Texas, that the contract was formed on the basis of meetings that occurred in Texas, and that the Defendants do business in Texas. Docket nos. 9, 10.